UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANA BRIGHAM, *et al.,*

    Plaintiffs,

v.                             Case No. 8:10-cv-1327-T-27MAP

JUAN RAMIREZ, JR., *et al.,*

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    The genesis of this action is a state appellate court ruling adverse to the Plaintiffs. *See Brigham v. Brigham,* 11 So.3d 374 (Fla. 3d DCA 2009). Having exhausted all state review, the Plaintiffs filed the instant complaint for monetary, declaratory, and injunctive relief against the successful state court parties and the parties' counsel (doc. 11) asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986.[1] In the main, however, the Plaintiffs want this Court to effectively nullify the state appellate decision. All this has prompted the Defendants to move to dismiss the complaint under the *Rooker-Feldman* doctrine (doc. 14).[2] Having reviewed the complaint, I agree with the Defendants and accordingly recommend their motion be granted.[3]

    *A. Background*

    This dispute emanates from litigation between relatives over the estate of EFP

---

[1] This is a liberal reading of Plaintiffs' rambling thirty-seven page complaint.

[2] *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under *Rooker-Feldman*, a federal court cannot review a state court's final judgment as that task is reserved for that state's appellate courts or, ultimately, the Supreme Court. *Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir. 2009).

[3] The district judge referred this matter to me for a report and recommendation (doc. 18). *See* 28 U.S.C. § 636(b)(1)(B).

Brigham and his wife, and it culminated in a state appellate court decision that reversed a trial court judgment for the trustee and his wife (the Plaintiffs here). In brief, the court directed the Plaintiffs to repay the proceeds from the sale of certain property with interest to a land trust. *Brigham, supra,* 11 So.3d at 383. Dissatisfied with the ruling favoring the appellants (*i.e.,* those Defendants here who were the successful Brigham estate beneficiaries), the Plaintiffs brought this action against these beneficiaries and their lawyers.[4]

    *B. Discussion*

    The district judge, after independently reviewing the Plaintiffs' initial complaint, *sua sponte* directed the Plaintiffs to show cause why "(1) this action should not be dismissed for lack of federal subject matter jurisdiction [*i.e.,* the application of *Rooker-Feldman*] (2) why their request to enjoin the state court proceedings is not precluded by the Anti-Injunction Act [28 U.S.C. § 2283], and (3) why their claims under §§ 1985 and 1986 should not be dismissed for failure to state a cause of action. *See* doc. 5. The Plaintiffs in their second amended complaint attempt to overcome the district judge's concerns. Frankly, and as the Defendants persuasively point out, they fall far short of their goals.

    Only the *Rooker-Feldman* application requires any meaningful discussion as it is dispositive. The Plaintiffs' claims, and more specifically the relief they seek (*see* doc. 11 at ¶¶ 3.1-3.7), are inextricably intertwined with the state court's judgment. Namely, any decision by this Court on Plaintiffs' claims would "effectively nullify the state court judgment" or would succeed only on a conclusion that "the state court wrongly decided the issues." *Casale,* 558 F.3d at 1260. This consequence clearly implicates the *Rooker-Feldman* doctrine, which bars a federal district court from hearing "cases brought by state-court losers

---

[4] Plaintiffs' initial complaint also named as Defendants the three judges who comprised the *Brigham* panel. In their second amended complaint, the Plaintiffs dropped these judges as Defendants.

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).[5] Accordingly, this Court is without subject matter jurisdiction. *Green v. Jefferson Cnty. Comm'n,* 563 F.3d 1243, 1249 (11th Cir. 2009).[6]

*C. Conclusion*

For the reasons stated in the district judge's order to show cause, the Defendant's motion to dismiss, and this report, it is recommended that the Defendant's motion (doc. 14) be granted and the complaint dismissed.

IT IS SO REPORTED at Tampa, Florida on September 10, 2010.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[5] As an example, the Plaintiffs ask in their second amended complaint that this Court declare the state trial court's "Final Judgment" as "*res judicata* …" *See* doc. 11 at ¶ 3.2.

[6] Aside from the *Rooker-Feldman* doctrine depriving this Court of subject matter jurisdiction, the Plaintiffs' demand for injunctive relief also contravenes the Anti-Injunction Act for the reasons the Defendants assert. 28 U.S.C. § 2283. None of its exceptions apply here. *Casale,* 558 F.3d at 1259 n. 1 (noting this and also commenting that the issue need not be discussed given the application of *Rooker-Feldman*). Lastly, and as set out in more detail in the Defendants' motion to dismiss (doc. 14 at pp. 5-9), the Plaintiffs fail "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). And their complaint fails the plausibility standard set out in *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Because none of the Defendants are state actors, the Plaintiffs' § 1983 and § 1985 claims are due to be dismissed. *See generally, Paletti v. Yellow Jacket Marina,* 2010 WL 3402271 *4 (11th Cir. 2010) (upholding dismissal of complaint barred under *Rooker-Feldman* and also noting complaint failed to state causes of action under 42 U.S.C. §§ 1985 and 1986 for these reasons).

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).


cc: The Honorable James D. Whittemore
  Counsel of Record
  Plaintiffs, *pro se*