UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANA BRIGHAM, et al.,

        Plaintiffs,

vs.                                        CASE NO. 8:10-cv-1327-T-27MAP

JUAN RAMIERZ, JR., et al.,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Magistrate Judge's Report and Recommendation (Dkt. 19) on Defendants' motion to dismiss (Dkt. 14). The Magistrate recommends that the motion be granted. Plaintiffs have filed objections (Dkt. 20). Upon consideration, the motion (Dkt. 14) is granted.

### Background

Dana and Patricia Brigham sue under 42 U.S.C. § 1983 for violations of their due process rights which, they allege, occurred during a state court proceeding. In state court, the Brighams prevailed at trial. The Third District Court of Appeal reversed and remanded, directing entry of judgment against them. *Brigham v. Brigham*, 11 So. 3d 374 (Fla. 3d DCA 2009). The Brighams filed motions for rehearing and for rehearing en banc. Both were denied. The Brighams petitioned for review in the Florida Supreme Court, which was also denied. *Brigham v. Brigham*, No. SC09-1354, 2010 WL 1241302 (Fla. Mar. 30, 2010).

Several months later, the Brighams filed this § 1983 action against the prevailing parties and their attorneys, alleging the Third District Court of Appeal violated their due process rights.[1] Defendants moved to dismiss. The Magistrate recommends that the motion be granted on *Rooker-Feldman* grounds.

---

[1] In their initial complaint, the Brighams named the state appellate court judges as defendants and included claims under § 1985 and § 1986. The judges and the additional claims were dropped in the second amended complaint.

## Discussion

Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Magistrate concluded the Brigham's action fits squarely within these parameters. The Brighams raise two objections: first, the state court proceedings have not ended, and second, they had no reasonable opportunity to raise their federal claims in state court.

For *Rooker-Feldman* purposes, "state proceedings have 'ended' in three situations: (1) 'when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved,' (2) 'if the state action has reached a point where neither party seeks further action,' and (3) 'if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated.'" *Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009) (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24-25 (1st Cir. 2005)).

This action involves the third situation. The state appellate court "reversed with instructions to enter judgment in appellants' favor" and "remand[ed] for further proceedings consistent with this opinion." *Brigham*, 11 So. 3d at 388. Following the mandate, the only issues to be litigated were attorneys' fees and costs, punitive damages, and removal of Dana Brigham as trustee. (Dkts. 6-1, 17, 20). Each issue was purely a matter of state law.

The sole federal issue involved the alleged denial of due process by the Third District Court of Appeal. This issue had been finally decided in the state courts, and all possibility of further state court review had been exhausted. The Third District Court of Appeal denied the motions for rehearing and rehearing en banc. The Florida Supreme Court denied review, declining to disturb the appellate court's decision. Therefore, at the time this action was commenced, there were no federal issues left for review in the state court system. *See Federacion*, 410 F.3d at 26 ("*Rooker-Feldman*

2

applies where the state proceeding has ended *with respect to the issues that the federal plaintiff seeks to have reviewed in federal court*, even if other matters remain to be litigated."); *id.* at 25-29.

The Brighams' second objection concerns the ability to raise their federal issues in the state court proceedings. *Rooker-Feldman* "applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation omitted). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment, ... or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Id.* (quotations omitted). Held against this standard, the Brighams' federal claims are clearly 'inextricably intertwined' with the state appellate court decision.

The question that remains, however, is whether there was a "reasonable opportunity" for the Brighams to raise their federal issues. *Id.* Each due process concern the Brighams identified could have been raised in the state court proceedings, whether it be in the circuit court, in briefing the appeal, during oral argument, in their motions for rehearing and rehearing in banc, or in their petition for review in the Florida Supreme Court. And in fact, most were. (*See* Dkt. 1-1 – 1-3).

At bottom, this action is a *de facto* appeal of the state court proceedings. The alleged due process violations consist of: (1) improper reversal based on Fla. Stat. § 737.403 because no claim was pled under that statute, (2) retroactive application of a 2007 Florida statute, (3) revival of claims that were time-barred under the Florida statutes, (4) improper assumption of jurisdiction over a Florida trustee's transactions involving real property located in North Carolina, and (5) appellate fact-finding in violation of Fla. Const. Art. V, § 4(b)(1). (Dkt. 11, ¶ 5.13). These alleged due process violations are, in substance, simply challenges to the state court's application of state law. All are issues that could and should have been raised in state court. *See Casale*, 558 F.3d at 1261 ("We are not a clearinghouse for Casale's overstock arguments; if he did not offer them to the state courts-or if the state courts did not buy them-he cannot unload them by attempting to sell them to us."). The relief the Brighams request is effectively to reverse the state appellate court's decision. This is

precisely the type of collateral attack *Rooker-Feldman* was designed to avoid.[2]

## Conclusion

Accordingly, the Report and Recommendation (Dkt. 19) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review, excepting the recommendation for dismissal of the injunctive claim pursuant to the Anti-Injunction Act.[3]

1) Defendants' motion to dismiss (Dkt. 14) is GRANTED. Pursuant to the *Rooker-Feldman* doctrine, this cause is DISMISSED for lack of federal subject matter jurisdiction.

2) The clerk is directed to enter judgment in favor of Defendants and to close this case.

**DONE AND ORDERED** this 26th day of October, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of record
Unrepresented parties

---

[2] Although not raised as an objection, the Brighams argued in their response to the motion to dismiss that *Rooker-Feldman* does not apply because the state court lacked jurisdiction. This argument is not persuasive. The Third District Court of Appeal clearly had jurisdiction over the appeal. *See* Fla. Const. Art. V, § 4(b)(1). And there has been no argument that the state court lacked personal jurisdiction over Dana or Patricia Brigham. In fact, the trust agreement provided for litigation in Dade County, Florida. (*See* Dkt. 1-3). Further, the Eleventh Circuit has never adopted the state court's lack of jurisdiction as an exception to *Rooker-Feldman*. *Casale*, 558 F.3d at 1261.

[3] Although not material to the ultimate disposition recommended by the Magistrate, the Court agrees with the Brighams that the Anti-Injunction Act does not preclude the issuance of an injunction with respect to their claim under § 1983. *See Mitchum v. Foster*, 407 U.S. 225, 243 (1972) ("[Section] 1983 is an Act of Congress that falls within the 'expressly authorized' exception of [the Anti-Injunction Act]").

However, the Brighams' objection that the complaint pleads action under color of state law, as required to state a § 1983 claim, is overruled. Neither private parties nor their attorneys act under color of law by participating in litigation. *See, e.g., McDougald v. Jenson*, 786 F.2d 1465, 1488-89 (11th Cir. 1986). It is immaterial that the state judges accepted Defendants' arguments and quoted their brief. Nor does the former version of Fla. Stat. § 737.403(2) render Defendants' actions under color of state law. There is no allegation that the state court approved any transactions. *See Brigham*, 11 So. 3d at 382 ("It is undisputed that Dana, as Trustee, transferred and made a gift of the Brigham Tree Farms Property to himself without prior court approval.").